FILED

2017 OCT -4  PM 2: 47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Kimberley Hudson Meredith,

    Plaintiff,

vs.                                      Case No:

Anthem, Inc.,                        8:17-CV-2325-T-36TBM

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff KIMBERLEY HUDSON MEREDITH ("Plaintiff" or "Ms. Meredith"), by and through her undersigned counsel, and hereby sues Defendant ANTHEM, INC. ("Employer"), and states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. sections 2601, *et. seq.* ("FMLA") to obtain relief for violations of the FMLA.

2. Pursuant to the FMLA and other applicable law, Plaintiff seeks to recover all wages, salary, employment benefits, other compensation denied or lost by Plaintiff as a result of violations of the FMLA by Defendant, interest, liquidated damages, reasonable attorneys' fees and costs, and such other relief as the Court deems just and appropriate.

### JURISDICTION, VENUE, AND PARTIES

3. This Court has subject matter jurisdiction over this action, pursuant to Chapter 26, Florida Statutes, as Plaintiff seeks to recover damages in excess of $75,000.00, exclusive of


IFP

attorneys' fees, costs, and interest.

4. This Court further has jurisdiction pursuant to 29 U.S.C. section 2617, which permits an employee to bring a private action for violations of the FMLA in any court of competent jurisdiction.

5. Venue is proper as Plaintiff's claim arose in, and Employer breached its duties to Plaintiff, in Tampa, Florida.

6. Additionally, Venue is proper as Employer has, or usually keeps, an office for transaction of its customary business or has an agent or other representative in Tampa, Florida.

7. At all material times, Plaintiff was an "employee" as defined by the FMLA.

8. At all material times, Employer was an "employer" subject to the requirements of the FMLA and other applicable law.

9. At all material times, Plaintiff was employed by Employer in excess of twelve (12) months and for at least 1250 hours over the twelve (12) months prior to her need for FMLA qualifying leave.

## GENERAL ALLEGATIONS

10. Ms. Meredith is a former employee of Employer, who worked for Employer in excess of twelve (12) months and was eligible for leave under the FMLA.

11. Ms. Meredith worked for Employer as a Pre-Authorization Assistant and her immediate supervisor was Fernando Casasa.

12. During the course of her employment, Ms. Meredith suffered a serious medical condition and/or other qualifying need for leave under the FMLA.

13. Plaintiff timely notified Employer, by and through their managerial employees, of her serious medical condition and/or other qualifying need for leave.

14. As a result of her serious medical condition and/or other qualifying need for leave, Plaintiff was absent from work and engaged in FMLA protected activity.

15. This FMLA protected activity included Ms. Meredith's use of both continuous and intermittent leave afforded to her under the Act.

16. Upon returning from FMLA leave, Plaintiff's employment was terminated.

17. Employer's reasoning for firing Plaintiff was due to Plaintiff not meeting her quantity quota of 100%.

18. Employer's actions were in fact pretextual in nature, and Plaintiff was fired for partaking in activity protected by the FMLA.

19. In fact, Plaintiff had even received awards for high quality production.

20. Plaintiff has suffered and continues to suffer grave and severe damage to her financial welfare, by reason of Employer's unlawful actions against Plaintiff.

21. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay her attorneys a reasonable fee for their services.

22. Plaintiff demands a trial by jury on all issues so triable.

## COUNT I
(Violation of the FMLA – Retaliation)

23. Plaintiff realleges paragraphs 1 through 22, above.

24. Employer violated Plaintiff's rights under the FMLA by retaliating against Plaintiff for partaking in activity protected by the FMLA.

25. As a direct, proximate, and foreseeable cause of the above, Plaintiff suffered damages.

26. Employer's violations of the FMLA were done wantonly, maliciously, willfully, and with the intent to do harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Employer for the following:

  a. Damages in the amount of wages, salary, employment benefits, and other compensation denied or lost by Plaintiff;
  b. Liquidated damages pursuant to the FMLA and other applicable law;
  c. Prejudgment interest;
  d. Reasonable attorneys' fees and costs pursuant to the FMLA and other applicable law, and
  e. All such other relief as the Court deems just, equitable, and appropriate.

<u>COUNT II</u>
(Violation of the FMLA – Interference)

27. Plaintiff realleges paragraphs 1 through 22, above.

28. Employer violated Plaintiff's rights under the FMLA by interfering with Plaintiff's use of rights under the FMLA, including use of job-protected continuous and intermittent leave.

29. As a direct, proximate, and foreseeable cause of the above, Plaintiff suffered damages.

30. Employer's violations of the FMLA were done wantonly, maliciously, willfully, and with the intent to do harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Employer for the following:

  a. Damages in the amount of wages, salary, employment benefits, and other compensation denied or lost by Plaintiff;
  b. Liquidated damages pursuant to the FMLA and other applicable law;
  c. Prejudgment interest;
  d. Reasonable attorneys' fees and costs pursuant to the FMLA and other applicable law, and
  e. All such other relief as the Court deems just, equitable, and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated October 4, 2017.

Respectfully submitted,

JOHN BALES ATTORNEYS

*/s/ Charlotte F. Kelly*
Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com